IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ASSOCIATION OF AMERICAN
RAILROADS,

        **Plaintiff,**

      v.                                      Civil Action 2:23-cv-2096
                                            Judge Michael H. Watson
                                            Magistrate Judge Jolson

DAVE YOST, et al.,

        **Defendants.**

## SCHEDULING ORDER

Based upon the Parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **VACATES** the Preliminary Pretrial Conference set for August 22, 2023, and **ADOPTS** the following schedule:

INITIAL DISCLOSURES

The parties will not make initial disclosures.

VENUE AND JURISDICTION

Any arguments related to venue or jurisdiction will be addressed in cross-motions for summary judgment.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by September 11, 2023.

ISSUES

Ohio recently enacted Ohio Rev. Code § 4999.09, which states that "[a] train or light engine used in connection with the movement of freight shall have a crew that consists of at least two individuals." Ohio Rev. Code § 4999.09(B).

On behalf of its members that operate railroads in Ohio, AAR seeks declaratory and injunctive relief. Its complaint sets forth three causes of action, claiming that Ohio Rev. Code § 4999.09 is (1) preempted

in full by the Regional Rail Reorganization Act ("3R Act"), 45 U.S.C. § 797j; (2) preempted in full by the ICC Termination Act ("ICCTA"), 49 U.S.C. § 10501(b); and (3) preempted in part by the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20106.

AAR and the Commissioners agree that these three causes of action present questions of law that can be resolved through cross-motions for summary judgment.  In the event this case does go to trial, the Commissioners would demand a jury.  AAR does not believe that a jury would be appropriate and reserves all rights to address this issue at the appropriate time.

DISPOSITIVE MOTIONS

Any dispositive motions shall be filed by September 25, 2023.  Responses shall be filed by October 25, 2023.

OTHER MATTERS

AAR and the Commissioners agree that there is no need for discovery in this case because the three causes of action set forth in AAR's complaint present questions of law.  As a result, they stipulate and respectfully request that the initial disclosure requirement of Rule 26(a)(1)(A) be waived.

For the same reasons, they propose to litigate this case through cross-motions for summary judgment.  They agree that each party's cross-motion should be filed by September 25, 2023 (around 45 days after the Commissioners filed their answer), and that oppositions should be filed by October 25, 2023 (30 days after cross-motions for summary judgment are filed).  They do not believe that replies will be necessary.

In the event that this case is not resolved through the parties' cross-motions for summary judgment, the parties would request a scheduling conference after the Court issues its decision on their cross-motions.

If the foregoing does not accurately record the parties' agreements, counsel will please immediately make their objection in writing.  If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

IT IS SO ORDERED.


Date:  August 15, 2023 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE