# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ASSOCIATION OF AMERICAN RAILROADS,<br><br>Plaintiff,<br><br>v.<br><br>JENIFER FRENCH,<br>DANIEL R. CONWAY,<br>DENNIS P. DETERS,<br>LAWRENCE K. FRIEDEMAN, and<br>JOHN D. WILLIAMS,<br>   *Commissioners of the Ohio Public*<br>   *Utilities Commission*,<br>   in their official capacities,<br><br>Defendants. | Case No. 2:23-cv-02096-MHW-KAJ<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Kimberly A. Jolson |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO OHIO CHAMBER OF COMMERCE'S MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*

The Ohio Chamber of Commerce ("Chamber") has moved this Court for leave to file an *amicus curiae* brief in this matter. Defendants Jenifer French, Daniel R. Conway, Dennis P. Deters, Lawrence K. Friedeman, and John D. Williams, Commissioners of the Ohio Public Utilities Commission, respectfully submit that the Chamber's participation in this case is neither necessary nor beneficial, is non-compliant in content and form, and would deny Defendants due process without a reasonable opportunity to respond. Pursuant to Local Rule 7.2(A)(2), Defendants respectfully request that the Chamber's Motion for Leave be denied.

1

Dated: November 9, 2023

Respectfully submitted,

**Dave Yost**
Ohio Attorney General

**John Jones**
Section Chief

*/s/ Werner L. Margard III*
**Werner L. Margard III** (0024858)
**Amy Botschner O'Brien** (0074423)
Assistant Attorneys General
Public Utilities Section
30 East Broad Street, 26th Floor
Columbus, OH 43215
Phone: (614) 466-4397
Fax: (614) 644-8764
Werner.Margard@OhioAGO.gov
Amy.BotschnerOBrien@OhioAGO.gov

**On Behalf of Defendants Jenifer French, Daniel R. Conway, Dennis P. Deters, Lawrence K. Friedeman, and John D. Williams**

**MEMORANDUM IN SUPPORT**

**INTRODUCTION**

The Chamber is not a railroad, nor has it alleged that it is a member of the Plaintiff American Association of Railroads. It has not alleged that the Plaintiff or any of its members are members of the Chamber. The Chamber asserts no right to protection under the Regional Rail Reorganization Act ("3R Act"), the ICC Termination Act ("ICCTA"), or the Federal Railroad Safety Act ("FRSA").

Although it purports to allege harm to Ohio businesses and consumers, it makes no allegation in support of Plaintiff's Complaint or its putative claims for relief. Its request for leave to participate in this matter seeks to protect the interests of its own members, not those of the Plaintiff. If the Chamber believes that it has reasonable grounds for relief, it could have, and should have, pursued an independent action against the Defendants.

Nor, despite its claims, is the Chamber's motion for leave timely. Contrary to its claim that its Motion for Leave is within a "reasonable time of the parties' motions for summary judgment," filing contemporaneously with those motions effectively and unreasonably denies Defendants a meaningful opportunity to respond to the Chamber's allegations.

**ARGUMENT**

**I.    The Chamber's Proposed *Amicus Curiae* Brief does not Comply with Federal Rules or Practice.**

There is an absence of uniformity across district courts whether to permit the filing of *amicus* briefs. This ultimately stems from the fact that courts generally lack any express statutory or rules-based authority or guidance regarding *amicus* briefs. *See, e.g.*, *Club v. Fed. Emergency Mgmt. Agency*, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) ("No statute, rule, or

3

controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief.").

This Court has recognized that neither the Federal Rules of Civil Procedure, nor the Local Rules of this Court, allow for the filing of *amicus* briefs. *Stepler v. Warden, Hocking Corr. Facility*, 2013 U.S. Dist. LEXIS 86209 (June 18, 2013) ("Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court authorize the filing of a non-party's *amicus* brief. *See, e.g.*, Fed. R. Civ. P. 7; S.D. Ohio Civ. R. 7.2(a)(2)"). It is generally accepted, however, that a district court may allow for such briefing, and this Court has found that it has the "inherent" authority to do so. *See, e.g.*, *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("District courts have inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure," citations omitted). Leave to participate as *amicus curiae* is, however, a "privilege within the sound discretion of the courts." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (internal quotation marks and citation omitted).

*Amicus* briefs filed in district courts should, however, generally adhere to the same requirements as those applicable in the Courts of Appeals. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136-137 (D.D.C. 2008). The relevant rule in the Federal Rules of Appellate Procedure is Rule 29, which provides in pertinent part that:

> The United States or its officer or agency or a state may file an amicus-curiae brief without the consent of the parties or leave of court. Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing.

Fed. R. App. P. 29(a)(2). Movant has requested leave of this Court and Defendants have not granted their consent.

4

### A. The Chamber's Request for Leave is Untimely.

By its terms, Rule 29(a) governs *amicus* filings during a court's initial consideration of a case on the merits. Fed. R. Appellate Procedure 29(a)(1). In contrast to the filing of a merit brief in an appellate court, the initial consideration of this matter on its merits has been determined, by agreement of the parties, and pursuant to order of this Court, to be by contemporaneous motions for summary judgment. Scheduling Order, Doc. #24 (Aug. 15, 2023). Those motions were filed on September 25, 2023.

Rule 29 further provides that:

> An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed.

Fed. R. Appellate Procedure 29(a)(6).

In order for the Chamber of Commerce to have complied with Rule 29, it should have requested leave of this Court, at a minimum, no later than seven (7) days after the filing of Plaintiff's Motion for Summary Judgment. Defendants therefore respectfully submit that the Chamber of Commerce's motion for leave is untimely and should be denied for failure to comply with the requirements of Rule 29.

The reason for requiring timely filing is obvious. This Court has held that one of the factors relevant to the determination of *amicus* status is whether the proffered information is timely, and has denied "eleventh hour" *amicus* filings. *Dakota Girls LLC v. Phila. Indem. Ins. Co.*, 524 F. Supp. 3d 762, 768 (S.D. Ohio 2021) ("If the issues raised . . . were of such great importance to the proposed *amici*, they should have sought leave to file their brief simultaneous with (or at least close in time to) the briefing that mattered to them."). An *amicus* brief should be

5

filed as promptly as possible to avoid prejudicing the parties. The Committee Notes on the Rule makes the purpose of timely filing clear:

> An amicus brief must be filed no later than 7 days after the principal brief of the party being supported is filed. Occasionally, an amicus supports neither party; in such instances, the amendment provides that the amicus brief must be filed no later than 7 days after the appellant's or petitioner's principal brief is filed. * * *
>
> The 7-day stagger was adopted because it is long enough to permit an amicus to review the completed brief of the party being supported and avoid repetitious argument. A 7-day period also is short enough that no adjustment need be made in the opposing party's briefing schedule. The opposing party will have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading. The timetable for filing the parties' briefs is unaffected by this change.
>
> A court may grant permission to file an amicus brief in a context in which the party does not file a "principal brief"; for example, an amicus may be permitted to file in support of a party's petition for rehearing. In such instances the court will establish the filing time for the amicus.
>
> The former rule's statement that a court may, for cause shown, grant leave for later filing is unnecessary. Rule 26(b) grants general authority to enlarge the time prescribed in these rules for good cause shown. This new rule, however, states that when a court grants permission for later filing, the court must specify the period within which an opposing party may answer the arguments of the amicus.

Fed. R. App. P. 29(e) Committee's note to 1998 amendment.[1]

By waiting until the parties to this case had nearly completed their arguments Defendants have effectively been denied a fair opportunity to respond to movant's arguments.[2] Should this Court grant leave to the Chamber to file its *amicus* brief at this late date, Defendants submit that

---

[1] Fed. R. App. P. 29 was renumbered as 29(a), and Rule 29 to 29(a)(6), by amendment in 2018.

[2] The Chamber's Motion for Leave was filed a mere two days before the parties were to file their contemporaneous Memoranda in Opposition to the Motions for Summary Judgment.

6

they should be granted time within which to reply to arguments raised there. This is consistent with the Federal Rules. Fed. R. Appellate Procedure 29(a)(6) further provides that a court "may grant leave for later filing [of an *amicus* brief], specifying the time within which an opposing party may answer." Defendants further note that only an opposing party is to be granted time within which to answer, and that further argument of a party supported by an *amicus* brief, Plaintiff in this case, is not permitted under the Rules.

      B.      **The Chamber's Request is not Proper in Form.**

Fed. R. App. P. 29 also requires that an *amicus* brief, except by the court's permission, "may be no more than one-half the maximum length authorized by these rules for a party's principal brief." Inasmuch as the comparable "principal briefs" in this instance are the contemporaneous motions for summary judgment, and such motions are limited to no more than 20 pages in this Court, movant's *amicus* brief should have been limited to no more than 10 pages. This Court has applied this page limitation when it has permitted the filing of *amicus* briefs. *See, e.g.*, *Triad Int'l Maint. Corp. v. Southern Air Transp., Inc.*, 2005 U.S. Dist. LEXIS 50521 (S.D. Ohio, Aug. 10, 2005).

The Chamber's proposed brief, however, is 14 pages in length, disregarding the nearly 350 pages of exhibits, none of which include a single sworn affidavit or declaration. This Court's Standing Order has directed that page limits shall not be exceeded without leave of Court, and that filings that exceed the page limit without leave of Court should be stricken. The Chamber's proposed brief complies neither with the Federal Rules nor with this Court's Standing Order for Civil Cases.

## II.  The Chamber's Proposed *Amicus Curiae* Brief is Neither Useful nor Necessary to the Administration of Justice.

Participation as an *amicus* to brief and argue as a friend of the court depends upon a finding that the information proffered by the *amicus* is timely, useful, or otherwise necessary to the administration of justice. *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). Defendants have already demonstrated that the Chamber's Motion for Leave is untimely. Neither is the Chamber's proposed brief either useful or necessary to the disposition of this case.

Historically, an *amicus* could not join issues not joined by the parties in interest, and cannot create, extend, or enlarge an issue. *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991) (internal citations omitted). That, however, is precisely what the Chamber endeavors to do. Nowhere does the Chamber purport to invoke the preemption claims raised by the Plaintiff. Nor does the Chamber offer any evidence, despite hundreds of pages of extraneous material, to support any claim of potential harm that Plaintiff might suffer as a result of the implementation of Ohio's Crew Size Law. Rather, the Chamber asserts that the law will "raise costs, hamper interstate commerce, and harm Ohio businesses and consumers." Chamber Brief at 3.

In support of its arguments, the Chamber relies on testimony and comments about the "likely" effect of requiring two-person crews, ignoring the fact that, as Defendants have demonstrated, Plaintiff's members in Ohio already use two-person crews on freight trains, and will continue to do so pursuant to long-standing labor agreements. Ohio's law adds no burden not already borne by the Plaintiff's members. There simply are no "added costs" as the Chamber claims, because any such costs are already being incurred. Nor would requiring two person crews "divert resources to finding, hiring, and paying additional operators." Chamber Brief at 9. Again, as Defendants' verified declarations affirmed, those costs are already being incurred.

The Chamber attempts to broaden Plaintiff's case to one of economic impact on the State of Ohio. That issue isn't before the court. The Ohio Chamber's argument relies entirely upon general analyses, including a self-serving one performed by the Plaintiff, that make no mention of any impact on Ohio. The only documentation offered by the Chamber relating to Ohio (other than the NTSB report on the East Palestine derailment) is unverified testimony presented to the Ohio General Assembly, which did not address Ohio's Crew Size Law (HB 23). In its Exhibit A, the Chamber witness addressed HB 186, a bill introduced in 2019 but never acted on by the General Assembly. There is no Ohio-specific data included in any of the 350 pages that the Chamber proposes to insert into the record of this case. Whether the Crew Size Law is good for Ohio's economy was a policy decision for the legislature, one that it rejected, not a legal question for this court. The legal question is whether the law is preempted, which is unaffected by unsubstantiated claims about the law's possible impact on Ohio's economy.

Nor do the Chamber's arguments disputing that the Crew Size Law was adopted for safety reasons have merit. The Chamber focuses on the East Palestine derailment, which admittedly had more than one crew member on board. Defendants never claimed that the Crew Size Law would or could have "mitigate[d] the risk of overheated bearings." Rather, the mere presence of crew members helps to ensure initial emergency response when local first responders may not be nearby. An employee is not, as the Chamber suggests, "redundant" if they are able to report an emergency, respond to injuries, or replace a coworker unable for any reason to perform their duties.

Finally, the Chamber assails Defendants' reliance on *Shelby County, Ala. v. Holder*, 570 U.S. 529 (2013), and the "equal sovereignty doctrine." Aside from adding nothing necessary to this Court's understanding of this case (Plaintiff having responded fully to this argument) the

9

Chamber's insistence on the importance of "[h]aving a single national transportation policy and a single national authority charged with permitting or prohibiting regional policy variation" (Chamber Brief at 12) ignores the fact that the federal laws like the 3R Act *are* strictly regional in nature. It is because of the unequal application of such laws, that Defendants have urged this Court to find the 3R Act to be unconstitutional.

## CONCLUSION

For the forestated reasons, the Ohio Chamber of Commerce's Motion for Leave to Participate as *Amicus Curiae* should be denied.

Respectfully submitted,

**Dave Yost**
Ohio Attorney General

**John Jones**
Section Chief

*/s/ Werner L. Margard III*
**Werner L. Margard III** (0024858)
**Amy Botschner O'Brien** (0074423)
Assistant Attorneys General
Public Utilities Section
30 East Broad Street, 26th Floor
Columbus, OH 43215
Phone: (614) 466-4397
Fax: (614) 644-8764
Werner.Margard@OhioAGO.gov
Amy.BotschnerOBrien@OhioAGO.gov

**On Behalf of Defendants Jenifer French, Daniel R. Conway, Dennis P. Deters, Lawrence K. Friedeman, and John D. Williams**

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2023, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

                                                         */s/ Werner L. Margard III*
                                                         **Werner L. Margard III** (0024858)
                                                         Assistant Attorney General