IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ASSOCIATION OF AMERICAN RAILROADS, | |
|     *Plaintiff,* | Case No. 2:23-cv-02096 |
| v. | Judge Michael H. Watson |
| JENIFER FRENCH, DANIEL R. CONWAY, DENNIS P. DETERS, LAWRENCE K. FRIEDMAN, and JOHN D. WILLIAMS,    *Commissioners of the Ohio Public Utilities Commission*,    in their official capacities, | Magistrate Judge Kimberly A. Jolson |
|     *Defendants.* | |

**REPLY IN SUPPORT OF OHIO CHAMBER OF COMMERCE'S MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

The Ohio Chamber of Commerce ("Chamber") requested leave to participate as *amicus curiae* in this matter because of its potential impact on thousands of businesses the Chamber represents throughout Ohio. The Chamber filed its request contemporaneously with the briefing of the parties' cross-motions for summary judgment. Despite the Chamber's obvious interest in the resolution of the legal issues presented by this case, the defendants, the Commissioners of the Public Utilities Commission of Ohio ("Commissioners"), oppose the Chamber's motion, raising a bevy of issues ranging from lack of standing (which does not apply to amici) to responses to the Chamber's brief on the merits. The Commissioners' opposition to the Chamber's request to participate muddles and misapplies the rules surrounding amicus briefs, cherry-picking authorities in an attempt to dissuade this Court from considering the economic impact on Ohio businesses the

Commissioners claim would not be harmed by the Crew Size Law, an issue that the Commissioners raised in their Motion for Summary Judgment as a basis for sustaining the law. While the Chamber's original motion and proposed brief are sufficient to respond to most of the Commissioners' arguments, the Chamber submits this reply to briefly address four points.

First, the Chamber's motion for leave to participate as *amicus curiae* is procedurally proper, contrary to the Commissioners' assertion. The Local Rules acknowledge that entities may request to file *amicus curiae* briefs before the Court, *see* S.D. Ohio Civ. R. 7.1.1, but do not place any restrictions on the timing of said briefs. Instead, the decision to grant a motion for leave to participate as *amicus curiae* is a judgment call left to the sound discretion of the Court. *Bd. of Edn. v. United States Dept. of Edn.*, No. 2:16-cv-524, 2016 U.S. Dist. LEXIS 107614 at *17, 2016 WL 4269080 at *6 (S.D. Ohio Aug. 15, 2016). And, under Local Rules and pursuant to local custom, memoranda are expected to fall within a twenty-page limit, well above the fourteen-page brief the Chamber seeks to file. S.D. Ohio Civ. R. 7.2(a)(3).[1]

Second, the Chamber filed its motion and accompanying *amicus curiae* brief in a timely manner. It provided the Commissioners with notice that it planned to seek leave to file an *amicus curiae* brief supporting Plaintiffs on September 29, 2023, just four days after the Commissioners filed their Motion for Summary Judgment. (Exhibit A). Counsel for the Commissioners stated they intended to oppose the Chamber's participation as amicus curiae on October 2, 2023. (Exhibit B). The Chamber filed its motion and brief on October 23, 2023, before the parties filed their responses to the cross-motions for summary judgement on October 25, 2023. There is nothing unreasonable about that timing.

---

[1] The Commissioners complain, at one point in their opposition, about the size of the Chamber's filing, focusing on the number of pages in the various attachments the Chamber included with its brief. (Mem. Op. at 7). Those attachments are all publicly available materials, which the Chamber attached to its brief purely for the Courts' convenience and the same practice both parties used when filing their cross-motions for summary judgment.

2

In cases where courts have denied leave to file an *amicus curiae* brief, it is often because the entity submitted its *amicus curiae* brief long after the parties had *fully briefed* the dispositive motion. *E.g., Dakota Girls, LLC v. Philadelphia Indemnity Insurance Co.*, 524 F.Supp.3d 762, 768 (S.D. Ohio 2021) (Morrison, J.). In such cases, the *amicus curiae* brief essentially serves as a covert sur-reply. That is not the case here where the Chamber filed its motion before the conclusion of the summary judgment briefings. Further, the Commissioners suggestion that any amicus brief should have been filed within seven days of the cross-motions for summary judgment, or by October 2, 2023, is impractical and unsupported by any applicable legal authority. (Mem. Op. at 5). In fact, the Commissioners essentially argue that the Chamber should have filed its amicus brief the same day the Commissioners stated their objection to its filing one.

In gauging the procedural propriety of the Chamber's motion, the case of *Dakota Girls* is instructive. In *Dakota Girls*, two different entities sought leave to file *amicus curiae* briefs in response to defendant's motion to dismiss. The first entity moved for leave to file a twenty-page *amicus curiae* brief twenty days after the defendant filed its motion to dismiss. *Dakota Girls,* Case No. 2:20-cv-2035 ECF Nos. 24, 30. The second entity filed its motion for leave to file an *amicus brief* more than six months after the defendant filed its motion to dismiss and more than five months after the motion was fully briefed —well after the motion to dismiss had been fully briefed. *Dakota Girls*, 524 F.Supp.3d at 768. The Court granted the first entity's motion for leave to file an *amicus curiae* brief but denied the second entity's motion. *Id.* In so doing, the Court held that leave to file should be sought "simultaneous with (or at least close in time to) the briefing . . . ." *Id.* The Chamber's motion is analogous to the first entity's motion. Both motions complied with the twenty-page limit for memoranda under the local rules and local practice. *See* S.D. OH Civ. R. 7.2(a)(3). And, both motions were filed within a month of the dispositive motion—before any

3

responsive briefing. The Chamber's motion, like that of the first entity from *Dakota Girls*, should be granted.

Third, the Court should reject the Commissioners' claim that the Chamber's motion is procedurally improper because it does not comply with the Federal Rules of Appellate Procedure. (ECF No. 32 at PageID 694-698). Obviously, this case is not on appeal and the appellate rules do not apply. The Local Rules do not adopt the Federal Rules of Appellate Procedure for *amicus curiae*, and in *Dakota Girls* and other cases, this Court has granted leave to file an *amicus curiae* brief in a situation that did not conform to either the timeline or length requirements of the appellate rules. *Compare Dakota Girls*, Case No. 2:20-cv-2035, ECF Nos. 24, 30, 49, *with* Fed. R. App. Proc. 29(a)(5)-(6).

The Commissioners base their contrary argument for the application of the Federal Rules of Appellate Procedure entirely on dicta from a single out-of-district opinion, *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136-137 (D.D.C. 2008), that actually cuts against their argument. In *Jin*, the entity filed its motion for leave to file an *amicus curiae* brief disputing subject matter jurisdiction on February 12, 2008, in response to plaintiffs' November 20, 2007, motion for default judgment. *Jin* at 136. This three-month delay meant that the amicus brief was filed well after briefing on the motion for default judgment was complete. Yet, counter to what the Commissioners urge here, the district court in that case **granted** the motion to participate as *amicus curiae*. *Id.* at 137-138. (Emphasis added).

Finally, as to the Commissioners' claim that the Chamber's proposed *amicus curiae* brief would not be useful, the Chamber disagrees and believes that the brief speaks for itself. Ultimately, it is within this Court's sole discretion to make that determination.

4

For these reasons, and the reasons stated in the Chamber's initial motion (ECF No. 28), the Ohio Chamber of Commerce asks this Court to grant it leave to participate as *amicus curiae*.

Respectfully submitted,

*/s/ Matthew L. Jalandoni*
Matthew L. Jalandoni (0087074)
W. Benjamin Reese (0096108)
Nathan R. Coyne (0100047)
**Flannery | Georgalis, LLC**
175 S. Third Street, Suite 1060
Columbus, Ohio 43215
Tel/Fax: (380) 444-6027
mjalandoni@flannerygeorgalis.com
breese@flannerygeorgalis.com
ncoyne@flannerygeorgalis.com

*Counsel for Amicus Curiae the Ohio Chamber of Commerce*

**CERTIFICATE OF SERVICE**

 I hereby certify that on November 20, 2023, a true and accurate copy of the foregoing was filed electronically. Notice of this filing has been sent to all parties via the Court's electronic filing system.

             */s/ Matthew L. Jalandoni*
             Matthew L. Jalandoni

             *Counsel for Amicus Curiae the Ohio Chamber of Commerce*

# EXHIBIT A

| | |
|---|---|
| **From:** | Matthew Jalandoni |
| **To:** | Werner Margard; Amy.BotschnerOBrien@OhioAGO.gov |
| **Cc:** | Ben Reese |
| **Subject:** | AAR v. PUCO Commissioners, SDOH 2:23-cv-2096, Amicus Brief |
| **Date:** | Friday, September 29, 2023 11:14:00 AM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png |

Vern and Amy:

Hope you are both doing well. If you recall, we talked a few times earlier this year regarding ████████████████████████████████████████████████████

I am reaching out on a different matter, the challenge to the crew size law by the American Association of Railroads in SDOH. We represent the Ohio Chamber of Commerce, which has traditionally opposed limits on rail crew size laws at the state level. The Chamber intends to file a Motion for Leave to file an Amicus Curiae Brief in Support of the Plaintiff's MSJ around the same time that responses to the cross-MSJs are due. The Chamber's focus would primarily be on the law's economic impact to Ohio businesses and on interstate commerce.

I am inquiring as to whether the Commissioners would not oppose the Chamber's Motion for Leave. If they do not, I can simply state that the motion is unopposed by all parties. I know you will need to run this by your clients and management, so please let me know their position when you can. Happy to discuss further if you have any questions.

Thank you and have a good weekend,
Matt

Matthew L. Jalandoni
175 South Third Street, Suite 1060
Columbus, Ohio 43215
380-444-6027 (Direct)
614-992-2183 (Mobile)
www.flannerygeorgalis.com





Cleveland | Columbus | Charlotte | Pittsburgh | Detroit

The information contained in this email transmission and any attachments thereto is intended for use by only the addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email and any attachments or other communication of contents is strictly prohibited. If you have received this email in error, please immediately notify Kat Royal at (380) 444-6505 and permanently delete the original copy or printout.

# EXHIBIT B

| | |
|---|---|
| **From:** | Werner Margard |
| **To:** | Matthew Jalandoni |
| **Cc:** | Amy Botschner O"Brien; John Jones |
| **Subject:** | Ass"n of America Railroads v. PUCO, Case No. 2:23-cv-02096 |
| **Date:** | Monday, October 2, 2023 11:58:58 AM |

Matt –

Thank you for you e-mail requesting the PUCO not to object to your anticipated motion for leave to file an amicus brief in this case. We have discussed the matter with our client, and they have determined that they intend to oppose your motion.

- Vern

Werner L. Margard III
Principal Assistant Attorney General
Public Utilities Section
Office of Ohio Attorney General Dave Yost
Office number: 614-995-5532
Fax number: 866-818-6152
Werner.Margard@OhioAttorneyGeneral.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

*Please note that, in adherence to best practices brought about in response to COVID-19, the Ohio Attorney General's Office moved to a "remote work" status effective March 18, 2020. All members of the office remain available remotely during normal business hours. Thank you for your patience*