**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ASSOCIATION OF AMERICAN RAILROADS, | Case No. 2:23-cv-2096 |
| Plaintiff, | Judge Michael H. Watson |
| v. | Magistrate Judge Kimberly A. Jolson |
| DAVE YOST, *Ohio Attorney General*, *et al.*, | |
| Defendants. | |

## JOINT MOTION TO HOLD CASE IN ABEYANCE

Plaintiff Association of American Railroads (AAR) and Defendants, the Chair and

Commissioners of the Ohio Public Utilities Commission, respectfully move to hold this litigation

in abeyance pending resolution of petitions for review challenging the Federal Railroad

Administration's (FRA) final rule (Rule) establishing national crew size requirements. 89 Fed.

Reg. 25052 (Apr. 9, 2024). Those petitions, which contend that the Rule is arbitrary, capricious,

and contrary to law under the Administrative Procedure Act (APA), are currently pending in the

U.S. Court of Appeals for the Eleventh Circuit. If successful, they could result in vacatur of the

Rule. Because the outcome of those petitions could affect the appropriate resolution of this

litigation, Plaintiff and Defendants agree that it would preserve party and judicial resources to

hold this litigation in abeyance.

Plaintiff filed this suit on June 29, 2023, claiming that Ohio's minimum crew size statute,

Ohio Rev. Code § 4999.09, was preempted by the Regional Rail Reauthorization Act (3R Act),

the ICC Termination Act (ICCTA), and the Federal Railroad Safety Act (FRSA). *See* ECF 1.

Plaintiff noted that FRA had proposed a rule to regulate minimum crew size, but that it had not

yet finalized the rule. *See id.* ¶¶ 55-61. The parties then briefed cross-motions for summary judgment, which were fully briefed as of April 1, 2024. *See* ECF 46.

On April 9, 2024, FRA issued the Rule, which imposes a general requirement for two-person crews. 89 Fed. Reg. at 25061. The Rule becomes effective on June 10, 2024. On April 10, 2024, Intervenor the United States filed a notice of the Rule. *See* ECF 48 at 2. On April 30, this Court ordered the parties to consider whether the Rule will moot all or part of this case and to file briefs setting forth their positions. *See* ECF 49.

Meanwhile, Plaintiff and several railroads filed petitions for review challenging the Rule. *See*, *e.g.*, *AAR v. FRA*, No. 24-1097 (D.C. Cir. filed Apr. 26, 2024), Doc. # 2051842. Plaintiff's petition contends that the Rule is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law, all in violation of the APA, and asks for the Rule to be held unlawful, vacated, and set aside. *See id.* at 3. All petitions challenging the Rule have been (or soon will be) transferred to the Eleventh Circuit and consolidated under the caption *Florida East Coast Railway LLC v. Federal Railroad Administration*, No. 24-11076.

The parties respectfully submit that there is good cause to hold this litigation in abeyance pending the Eleventh Circuit's resolution of those petitions. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Gavin Power, LLC v. US EPA*, 2024 WL 1494033, at *1 (S.D. Ohio Mar. 27, 2024) (granting stay pending resolution of court of appeals litigation). Besides its FRSA challenge, Plaintiff has claims based on the 3R Act and ICCTA, and Defendants have affirmative defenses raising a lack of subject matter jurisdiction based on no injury and a constitutional challenge to the 3R Act (*See* ECF 25, 30, and 44), which the parties

request be deferred for resolution by the Court until the Eleventh Circuit decides the fate of the Rule.

If the Rule requiring a crew of at least two individuals is not vacated by the Eleventh Circuit, the parties agree that the requirements of Ohio Rev. Code § 4999.09 will no longer apply pursuant to Ohio Rev. Code § 4999.09(D), making this case moot. If this Court were to conclude now that the Rule moots this case—and the Eleventh Circuit later vacates the Rule—the parties would need to re-start this litigation from square one, with a new complaint and new cross-motions for summary judgment. The parties submit that holding this case in abeyance would avoid that risk and conserve party and judicial resources.

No party would be prejudiced by holding this litigation in abeyance. Accordingly, the parties respectfully request that the Court hold this litigation in abeyance pending the Eleventh Circuit's resolution of the petitions for review of the Rule. The parties also respectfully ask the Court to treat this joint motion as their response to the Court's request that the parties state their positions on mootness.

Dated: May 21, 2024

Respectfully submitted,

*/s/ Jonathan N. Olivito*
**Jonathan N. Olivito** (0092169), Trial Attorney
**Amy D. Vogel** (0075169)
Taft Stettinius & Hollister LLP
41 S. High Street, Suite 1800
Columbus, OH 43215-4213
Phone: (614) 221-2838
Fax: (614) 221-2007
jolivito@taftlaw.com
avogel@taftlaw.com

**Thomas H. Dupree Jr.** (*pro hac vice*)
**Jacob T. Spencer** (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500
tdupree@gibsondunn.com
jspencer@gibsondunn.com

*Attorneys for Plaintiff AAR*

**Dave Yost**
Ohio Attorney General

**John Jones**
Section Chief

*/s/ John H. Jones*
**John H. Jones** (0051913)
**Amy Botschner O'Brien** (0074423)
**Connor D. Semple** (0101102)
Assistant Attorneys General
Public Utilities Section
30 East Broad Street, 26th Floor
Columbus, OH 43215
Phone: (614) 466-4397
Fax: (614) 644-8764
John.Jones@OhioAGO.gov
Amy.BotschnerOBrien@OhioAGO.gov
Connor.Semple@OhioAGO.gov

*On Behalf of Defendants Jenifer French, Daniel R. Conway, Dennis P. Deters, Lawrence K. Friedeman, and John D. Williams*